R. P. Bell *v.* Quick & Smith.

ROBERT P. BELL to the use of Samuel C. Johnson v. ISRAEL QUICK and JEREMIAH SMITH.

Any alteration of a bond after its execution, changes the deed, and if made in the absence of the obligor, and especially of a security on the bond and without his consent and authority, renders it void.

This court will not compel a party to receive an appeal bond admitted to have been altered after its execution.

This was an application for a mandamus to be directed to the Court of Common Pleas of the county of Hunterdon, to reinstate an appeal. The following is the state of the case agreed upon by the attornies of the parties, and which was submitted to this court with the appeal papers.

*Bartles*, for appellants.

*H. W. Green*, for appellee :

This appeal coming on to be heard before the Court of Common Pleas of the county of Hunterdon, on this 7th day of December 1832, at a special term of the said court, held pursuant to the statute in such case made and provided, the counsel for the appellee moved to dismiss the appeal on the following grounds.

1st. Because the appeal bond had been signed by the parties, appellant and surety ; the day and month on which it was signed, being in blank, when signed, was at the time the bond was tendered to the justice, filled up after the execution thereof.

2d. Because the appeal bond was defective in the following recitation, to wit : " Whereas the above bounden Isaac Quick and Jeremiah Smith, intend to appeal to the Inferior Court of Common Pleas of the county of Hunterdon, at the next term thereof, from the judgment obtained in the court for the trial of small causes before Morris Fritts, esq. one of the justices of the peace in and for the said county, by the said Robert P. Bell, for the use of Samuel C. Johnson against the said Isaac Quick, and Jeremiah Smith, in a plea of debt." (Prout the bond transcript and appeal papers.) It was also proved by one of the subscribing witnesses to the bond, that he filled up the day and month therein mentioned by the verbal authority, consent and direction of the appellants and surety, before the same was so filled up or tendered to the justice, which was also admitted by the appellee.

R. P. Bell *v.* Quick & Smith.

After hearing the argument of counsel, the court being of opinion, that the appeal bond was defective in the recitation above stated, inasmuch as it did not state who was plaintiff and who defendant, nor the time when the judgment was rendered, nor the amount of the debt and cost, and did not sufficiently identify the said judgment, ordered the said appeal to be dismissed; to which opinion of the court, dismissing the said appeal, the counsel for the appellant excepted and prayed this state of the case.

It is agreed by the attorneys of the parties, that this matter be submitted to the Supreme Court, upon the above state of the case, and the appeal papers; and if the said Supreme Court shall be of the opinion, that the Court of Common Pleas of Hunterdon county erred in dismissing the said appeal, then and in that case a mandamus issue out of the said Supreme Court; to the Court of Common Pleas of Hunterdon county, commanding the said Court of Common Pleas to reinstate the said appeal, and proceed with the trial thereof.

HORNBLOWER, C. J.   This motion was submitted to the court upon a state of the case; by which it appears that the court dismissed the appeal, on one or both of the following grounds: 1st. That when the bond was tendered to the justice it was executed, the day and month of the date were blank, and the blanks afterwards filled up in the absence of the security; and 2dly, for a defect in the bond, in not stating who was the plaintiff below. It is unnecessary to give any opinion upon this latter point, the first being decisive. If the date had been left blank, it might have been a good bond, but any alteration of it after its execution changes the deed, and if made in the absence of the obligor and especially of a security in the bond, and without his consent and authority, renders it void. It is true the case states that it was proved by one of the subscribing witnesses, that he filled up the date by the verbal authority and consent of the security therein. But this court will not compel a party to receive a bond, admitted to have been altered after its execution, and subject him to the necessity of proving and the hazard of being able to prove, and the question of its being competent to prove, the consent of the obligor to such alteration when he comes to seek his remedy on such bond. The mandamus is refused.

CITED in *Hunt* v. *Gray,* 6 *Vroom,* 231.